441 F.2d 380
 3 Fair Empl.Prac.Cas. 690, 3 Empl. Prac. Dec. P 8165
Pearly Mae CARTER, Plaintiff-Appellee,
v.
MOREHOUSE PARISH SCHOOL BOARD et al., Defendants-Appellants.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
No. 31017 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 April 6, 1971.
Rehearing Denied April 29, 1971.
 
 Robert W. Kostelka, Dist. Atty., Charles A. Traylor, II, Asst. Dist. Atty., Monroe, La., for defendants-appellants.
 Paul H. Kidd, Monroe, La., for plaintiff-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Morehouse Parish School Board (the Board) appeals from an order of the district court directing that plaintiff-appellee Pearly Mae Carter be reinstated as a teacher at St. Matthew Elementary School, Mer Rouge, Louisiana. Because the defendant school board was not given an opportunity to present its case, we vacate the order and remand the cause for a full and complete trial.
 
 
 2
 Mrs. Carter, a black teacher in an integrated school, was dismissed on July 10, 1970. At a hearing held on August 17, 1970 by the Board, the dismissal was affirmed, the Board having found that Mrs. Carter was incompetent as a teacher because she scored poorly on an achievement test intended for sixth grade students.
 
 
 3
 Mrs. Carter filed suit in federal court seeking reinstatement; it was her contention that her dismissal was racially motivated. A trial was conducted on September 7, 1970. During the testimony of the plaintiff's second witness, the court interrupted to initiate the following dialogue:
 
 
 4
 THE COURT: * * * Frankly, at this point I would say a test of that kind, where according to Mr. Harper in his discussions with Mrs. Carter, she was more or less playing around and it wasn't a teacher's test. It was a student's test, and that would not be a valid ground for dismissal.
 
 
 5
 I think that is as far as we need to go in the case. So, the Court will grant the prayer of the plaintiff.
 
 
 6
 She will achieve tenure this year and if she proved to be unfit or incompetent, proper measures exist under state law to rectify that situation. MR. TRAYLOR: (Attorney for defendants) Is what Your Honor saying that this test that Mrs. Carter took insufficient reason for the Board to take the action which it did? THE COURT: Yes, sir.
 
 
 7
 As I understand the prayer for relief, there is a permanent injunction asked for against the Morehouse Parish School Board. We will not grant the permanent injunction. We will grant the preliminary injunction so that if it develops later that this required test is given to the teachers-- the accepted National Teacher's Examination, or for other valid reasons incompetency is shown, then if proper grounds exist she might be dismissed. MR. TRAYLOR: That is the point I want to be clear on. I want to be clear on if the Board may take any action in the future. THE COURT: Certainly.
 
 
 8
 Although the defendant had numerous witnesses present and ready to testify on the issue of Mrs. Carter's alleged incompetency, the proceedings were thereupon terminated. The court's order, dated September 24, 1970, recited in their entirety, the following 'Conclusions of Law':
 
 
 9
 1. Plaintiff's dismissal by the Morehouse Parish School Board because of her race resulted in a denial to plaintiff of her right to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution entitling her to relief. 2. All of the acts resulting in plaintiff's dismissal were under color of the law of the State of Louisiana.
 
 
 10
 If is our opinion that the district court committed error in choosing not to hear the defendant's evidence in rebuttal. Although appellants made no objection to this procedure, they could not reasonably have been expected to do so. The trial court indicated to appellants that his ruling was to be essentially that the test was an insufficient reason for the Board to take the action which it took. This reasoning requires far different evidence for rebuttal and different argument on appeal than the reasoning in the court's final order that, as a matter of fact plaintiff's dismissal was racially motivated. Had appellants known the real basis of the court's proposed ruling, they might well (would undoubtedly) have chosen to offer evidence in rebuttal. A ruling based on evidence which a party has not been allowed to confront or rebut is one which denies due process. See Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Frito-Lay, Inc. v. Morton Foods, Inc., 316 F.2d 298 (10th Cir. 1963).
 
 
 11
 Vacated and remanded.
 
 
 12
 *Rule 18, 5th Cir. See Isbell Enterprises, Inc.